[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 6, 2008
THOMAS K. KAHN
CLERK

No. 07-12475
Non-Argument Calendar

_____

BIA No. A97-852-631

MARINA VLADIMIROVNA SAMARSKAYA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 6, 2008)**

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Marina Vladimirovna Samarskaya, a citizen of Russia, petitions this Court to review the final order of the Board of Immigration Appeals ("BIA"), which dismissed her appeal from the Immigration Judge's ("IJ") denial of asylum under

the Immigration and Nationality Act ("INA").[1] On appeal, Samarskaya argues that the BIA erred by finding that she had not established refugee status because she failed to show a nexus between her Pentecostal religion and either her physical attack by skinheads or her dismissal from work. After careful review, we deny the petition.

Where, as here, the BIA issues its own decision, our review is limited only to that decision, except to the extent that it expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). In its opinion, the BIA did not adopt any of the IJ's decision, so we will review only the BIA's decision.

We review an agency's statutory interpretation of its laws and regulations de novo. Antipova v. U.S. Att'y Gen., 392 F.3d 1259, 1261 (11th Cir. 2004) (quotations omitted). In reviewing the BIA's fact findings, we "consider only whether there is substantial evidence for the findings . . ., not whether there is substantial evidence for some other finding that could have been . . . made." Adefemi v. Ashcroft, 386 F.3d 1022, 1029 (11th Cir. 2004) (en banc) (quotation omitted). Under this highly deferential standard of review, we may not reweigh

---

[1] Samarskaya also sought withholding of removal under the INA and relief under the United Nations Convention Against Torture ("CAT"). In her appeal to the BIA, she did not challenge the IJ's denial of withholding of removal. Accordingly, she has not exhausted that claim and we lack jurisdiction to review it. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006). In any event, the burden of proof for an alien seeking withholding of removal under the INA, or under the CAT, is higher than the burden for establishing asylum. Al Najjar, 257 F.3d at 1303. Where, as here, an alien is unable to meet the less stringent standard for asylum, her claims for withholding or CAT relief necessarily also fail. Id.

the evidence from scratch.  Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006).  Rather, we view the record evidence in the light most favorable to the BIA's decision and draw all reasonable inferences in favor of that decision.  Id. Under the substantial evidence test, the denial of asylum may be reversed only if the evidence would compel a reasonable factfinder to find that the requisite fear of persecution exists.  I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992); see also INA § 242(b)(4)(B)("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

An alien who arrives in or is present in the United States may apply for asylum.  INA § 208(a)(1), 8 U.S.C. § 1158(a)(1).  The Attorney General or Secretary of the Department of Homeland Security has discretion to grant asylum if the alien meets the INA's definition of a "refugee."  INA § 208(b)(1), 8 U.S.C. § 1158(b)(1).  A "refugee" is defined in the INA as

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A) (emphasis added).

The asylum applicant carries the burden of proving statutory "refugee" status.  Al Najjar, 257 F.3d at 1284.  To establish asylum eligibility, the alien must,

3

with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); see Al Najjar, 257 F.3d at 1287. In order to be eligible for asylum, the asylum applicant must -- in addition to demonstrating past persecution or a well-founded fear of future persecution -- establish that such persecution is "on account of" one of the enumerated statutory grounds. 8 U.S.C. § 1101(a)(42)(A); see also 8 U.S.C. § 1158(b)(1)(B)(i) ("To establish that the applicant is a refugee ... the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant"); Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001) (stating that the asylum applicant must provide evidence that "he was mistreated because of his political opinion, or one of the other grounds, rather than for some other reason.") (internal quotations omitted). "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of [a statutory factor]." Al Najjar, 257 F.3d at 1287 (internal quotations and citation omitted) (emphasis in original).

For purposes of establishing the requisite nexus, it is well-settled that one of the five protected grounds need not be the only motivation for alleged prosecution.

4

Sanchez-Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1232 (11th Cir. 2007) (explaining mixed-motive theory of proving nexus). However, under the REAL ID Act, which applies to Samarskaya's case, the applicant must demonstrate that one of those enumerated grounds "was or will be at least one central reason for persecuting" him or her. INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i) (as amended by the REAL ID Act § 101(a)(3)) (effective May 11, 2005, "for applications for asylum, withholding, or other relief from removal made on or after" that effective date).

If the alien establishes past persecution, it is presumed that her life or freedom would be threatened upon a return to that country unless the government shows by a preponderance that the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon her removal or that the alien could relocate within the country and it would be reasonable to expect her to do so. 8 C.F.R. § 208.13(b). An alien who has not shown past persecution may still be entitled to asylum if she can demonstrate a future threat in her country to her life or freedom on a protected ground. 8 C.F.R. § 208.13(b)(2). To establish a well-founded fear, "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289.

Here, the facts do not compel us to conclude, contrary to the BIA's decision, that Samarskaya met her burden to establish a nexus between her religion and the two incidents on which she relied to show past persecution. First, she said that skinheads attacked her, and, in the course of the attack, called her a "whore" and a "prostitute," which she understood to mean that the skinheads thought she had "sold out" her country and religion. Second, Samarskaya claimed she was fired from her job due to her religion. Her former employer gave her three months' notice of its intent to fire her, citing its need to reduce staff, with no indication that the termination was related in any way to her religion. As the BIA put it:

> The respondent's claim is too speculative. In order to find that the respondent established a requisite nexus, we must assume that her employer fired her not because they were downsizing, but because they discovered her religious beliefs and wanted to punish her on account of them. We would also have to assume that the motive of the men who attacked [her] was connected to her religion. We will not rely on a chain of assumptions to find that the respondent has met her burden of proof. The respondent has not submitted any evidence establishing that she was harmed on account of a protected ground . . .

On this record, viewing the evidence in the light most favorable to the BIA's conclusion, and drawing all reasonable inferences in favor of that decision, the evidence presented in this case does not compel a conclusion contrary to the finding of the BIA on the nexus element of Samarskaya's asylum claim.[2]

---

[2] To the extent Samarskaya suggests the BIA should have applied a mixed-motive analysis to her asylum claim, and did not, our conclusion would be the same, even under a mixed-motive theory, since Samarskaya has not shown that her religion was one central reason for her

6

**PETITION DENIED.**

---

mistreatment. 8 U.S.C. § 1158(b)(1)(B)(i).